23-660-cv
*Poppington, LLC v. Brooks*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> *Circuit Judges*.

---

POPPINGTON, LLC, RAQUEL HORN,

> *Plaintiffs-Counter-Defendants-Appellants*,

v.                                                              23-660

EDWYNA BROOKS,

> *Defendant-Counter-Claimant-Appellee*,

JOHN DOE 1–10,

> *Defendants*.

---

FOR PLAINTIFFS-APPELLANTS:          NATRAJ S. BHUSHAN, Turturro Law, P.C., Staten Island, New York.

FOR DEFENDANT-APPELLEE:                CHRISTOPHER L. BROWN, Brown & Rosen LLC, Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 4, 2023, is **AFFIRMED**.

Plaintiffs-Appellants Poppington, LLC and Raquel Horn (together, "Poppington") appeal from an award of $44,496.05 in attorney's fees and costs to Defendant-Appellee Edwyna Brooks after the district court dismissed their complaint on summary judgment.  We review an award of attorney's fees for abuse of discretion.  *Matthew Bender & Co. v. W. Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001).  In so doing, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This case arises from Brooks's allegedly unauthorized use of a photograph taken by Horn. Brooks is the author of the *Mafietta* series of novellas and, in the summer of 2015, hired Poppington and its co-owners, Horn and Damon Dash, to create a short film of the same name. Horn took hundreds of photographs while on set during filming.  Brooks asserted that Horn took these photographs as part of Horn's paid work on set, but Poppington and Horn argued that Horn took these photographs for her own personal or artistic purposes.  In October 2015, Brooks self-published a book entitled *Mafietta: The Trilogy*.  Both the cover of that book and the poster for the *Mafietta* film included an image that resembled one of the photographs taken by Horn.

Nearly four years later, in July 2019, after Brooks filed a separate lawsuit against

2

Poppington and Dash regarding their unauthorized distribution of the *Mafietta* film, Horn sent an email to Brooks's lawyer objecting to Brooks's alleged use of the photograph Horn took. In April 2020, just days after the district court reached a verdict favorable to Brooks in the distribution lawsuit, Horn obtained a copyright registration for the photograph at issue here, which she allegedly assigned to Poppington, and then brought this action for a single claim of copyright infringement under the Copyright Act. Following discovery, the district court granted summary judgment to Brooks on Poppington's claim of copyright infringement on the ground that the photograph was a derivative work of the *Mafietta* film, granted summary judgment in part to Brooks on Brooks's counterclaim for declaratory and injunctive relief, and dismissed the complaint with prejudice. Brooks then moved for attorney's fees and costs.[1]

The Copyright Act provides that the district court in a copyright infringement action "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Supreme Court has held that the word "may" in Section 505 "clearly connotes discretion," *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994), and has provided that the district court's discretion should be guided by several legal principles, *id.* at 534 n.19; *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016). First, an award of attorney's fees must be based on a "particularized, case-by-case assessment," and not granted merely "as a matter of course." *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 533). Second, "a court may not treat prevailing plaintiffs and prevailing defendants any differently." *Id.* Third, the district court should consider the following "nonexclusive factors": "frivolousness, motivation, objective

---

[1] On appeal, Poppington challenges only the decision to award fees and costs, not the district court's calculation of the amount awarded.

unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (internal quotation marks omitted and alteration adopted) (quoting *Fogerty*, 510 U.S. at 534 n.19). "Although objective reasonableness carries significant weight" in a district court's consideration of these factors, it must "view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals," *id.* at 209, namely, "encouraging and rewarding authors' creations while also enabling others to build on that work," *id.* at 204.

Here, the district court did not award attorney's fees merely as a matter of course. Instead, in its written memorandum order, the district court discussed in detail its reasons for awarding attorney's fees, applying the principles articulated by the Supreme Court to the specific circumstances before it. *See Poppington LLC v. Brooks*, 20-CV-8616 (JSR), 2023 WL 2601130 (S.D.N.Y. Mar. 22, 2023). In so doing, the district court conducted the "particularized, case-by-case assessment" required by *Fogerty*, 510 U.S. at 533, and *Kirtsaeng*, 579 U.S. at 202. Specifically, reviewing the history of the case, the district court determined that Poppington's suit was meritless and the reasons for bringing it were retaliatory, and, thus, "an award of fees in Brooks'[s] favor substantially furthers the purposes of the Copyright Act by ensuring that creators are not deterred from enforcing their own rights by the prospect of having to face . . . retaliatory suits."[2] *Poppington*, 2023 WL 2601130, at *3.

---

[2] The district court determined that Brooks is "plainly" a prevailing party, having won both full dismissal of the action and partial summary judgment on her counterclaims. *Poppington*, 2023 WL 2601130, at *3. Poppington does not directly challenge this finding and, in any event, the district court did not abuse its discretion in reaching that conclusion. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (A district court may consider parties "prevailing" "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.").

Nor do we discern any abuse of discretion in the district court's careful consideration of the nonexclusive factors articulated in *Fogerty* and *Kirtsaeng*. The district court found that Poppington's suit was frivolous and unreasonable in part because of a defect in Poppington's own complaint, which "only alleged infringement in connection with Brooks'[s] earlier published book *Mafietta: Rise of a Female Boss*, which was published [i]n March 2015—before the photograph Horn alleges was infringed was even taken." *Id.* at *4. Although the district court determined based on the record that "Horn almost certainly meant to accuse infringement with connection to Brooks'[s] later book *Mafietta: The Trilogy*," it concluded that her "failure to undertake even a basic due diligence . . . before suing over alleged infringement that could not possibly have occurred indicates both the frivolousness and unreasonableness of her suit, as well as the need to compensate Brooks . . . and to deter similar litigation." *Id.* Additionally, the district court observed that Poppington's yearslong delay—until days after Brooks won the first lawsuit—before registering the copyright and filing this lawsuit indicated a retaliatory motivation.[3] *Id.* at *3. In short, there was a sufficient basis in the record to support the district court's determinations that the lawsuit was frivolous and retaliatory.

In sum, we conclude that the district court did not abuse its discretion in awarding the attorney's fees and costs to Brooks under the Copyright Act.

---

[3] The district court also noted potential contradictions between Horn's copyright application and her deposition testimony, which, even if the action had survived summary judgment, could have led a jury to conclude that Horn did not even own the photograph. Poppington does not address this observation on appeal, and the district court acted within its discretion in considering it in addition to the factors described above. *See Kirtsaeng*, 579 U.S. at 207 ("A district court that has ruled on the merits of a copyright case can easily assess whether the losing party advanced an unreasonable claim . . . .").

\*          \*          \*

We have considered Poppington's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6